# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Damiane Antron McCoy, *a/k/a Damaine Antron McCoy*; Kenyatta Deshawn Lewis,<br><br>Plaintiff,<br>v.<br><br>Elizabeth Munnerlyn, Dellon Power,<br><br>Defendants. | Case No. 4:24-cv-04775-RMG<br><br>**ORDER** |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge recommending Plaintiff's action be dismissed. (Dkt. No. 6). Plaintiff, proceeding pro se, did not file objections to the report. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's complaint. (Dkt. No. 1).

**I.    Background**

Plaintiff McCoy brought this action while an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections and was eventually moved to Lee Correctional Institution on November 7, 2024. On January 29, 2020, Plaintiff was sentenced to ten years imprisonment, on the charge of assault and battery of a high and aggravated nature (case number MAR0967/indictment number 2019GS3400517). He was also sentenced to a consecutive term of seven and one-half years' imprisonment on the charge of resisting arrest with a deadly weapon, first offense (case number 2017A3410100177/indictment number 2017GS3400216). *See* Marlboro County Fourth Judicial Circuit Public Index, https://publicindex.sccourts.org/Marlboro/PublicIndex/PISearch.aspx (last visited Dec. 9, 2024).

The Court agrees with the Magistrate Judge's summary of the relevant facts. Plaintiff appears to be attempting to bring claims under 42 U.S.C. § 1983 (§ 1983).[1] (Dkt. No. 1). Plaintiff alleges that Defendants failed to provide Plaintiff with all of his plea rights, in violation of due process. (Dkt. No. 1 at 4-5). Plaintiff alleged injuries include physical ailments like bruises, teeth aches, and loss of hair. (*Id*. at 6). He requests a writ of habeas corpus, and monetary damages. (*Id*.).

On October 3, 2024, Plaintiff was directed to provide certain documents to bring his case into proper form and was given the opportunity to amend his Complaint. (Dkt. No. 3). Plaintiff did not provide the required documents and has not filed an amended complaint.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

---

[1] Plaintiff has indicated that he is also bringing a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court agrees with the Magistrate Judge that any *Bivens* claim is subject to dismissal because Plaintiff has not named any federal official as a defendant.

2

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

The Court has reviewed the R & R, applicable caselaw, and the record evidence in this matter. The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the Plaintiff's action be dismissed because the Court lacks jurisdiction to hear the case, Plaintiff failed to state a claim upon which relief can be granted, the Defendants have either judicial or prosecutorial immunity, the requested relief is not available, the statue of limitations has run, and Plaintiff failed to bring the case into proper form.

### IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 6) as the Order of the Court and **DISMISSES** Plaintiff's complaint (Dkt. No. 1) without prejudice, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

December 11, 2024  
Charleston, South Carolina